UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| NINA V. CRYTSER, | ) | |
| | ) | NO.   CV-06-175-LRS |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | **ORDER GRANTING THE UNITED** |
| | ) | **STATES' MOTION TO DISMISS** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

BEFORE THE COURT is Defendant United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction and For Failure to State a Claim for Which Relief Can Be Granted (Ct. Rec. 5) filed on August 31, 2006 and noted without oral argument on October 11, 2006.

### BRIEF SUMMARY OF FACTS

Plaintiff Nina V. Crytser filed this action on June 12, 2006, alleging the wrongful and illegal seizure of funds by the Internal Revenue Service ("IRS") and seeking the recovery of $105,161.76 plus interest, additional damages, attorneys' fees and costs.  Plaintiff alleges that the IRS wrongfully seized $105,161.76 from the escrow account for the sale of real property located at 7409 East 44th Avenue, Spokane County, Washington ("Subject Property").

On August 17, 1999, and incident to marriage on August 18, 1999, Plaintiff and Scott Crytser entered into a Prenuptial Agreement ("Agreement").  The Agreement provided that after Plaintiff and Scott

**ORDER** - 1

were married, they would live at 7409 E. 44th Avenue, Spokane, Washington, and that the ownership of that residence would remain the separate property of Scott Cryster until five years from the date of marriage.

On June 23, 2003, the IRS assessed Scott Cryster's unpaid federal tax liabilities for the years 1995 through 2000.  On August 30, 2004, the IRS filed a Notice of Federal Tax Lien with the Spokane County Auditor.  The tax lien arose from Scott Crytser's unpaid federal tax liabilities for the 1995, 1996, 1997, and 1998 tax years.  On October 29, 2004, and as a result of a purchase and sale agreement entered into on August 28, 2004 for the sale of the Subject Property, Plaintiff and Scott Crytser closed the sale of the Subject Property. The Plaintiff and Mr. Crytser were represented by an attorney during this real estate transaction.[1]  Although the parties characterize the voluntariness of the payment differently, Mr. Crytser paid the tax lien in order to convey clear title to the buyers and to avoid a civil suit with the buyer of the Subject Property.

On November 10, 2004, the IRS issued a certificate of discharge regarding the federal tax lien on the Subject Property.  The Complaint was filed on June 12, 2006.

The Complaint alleges that before the sale of the Subject Property, Plaintiff tried to secure the discharge or release of the federal tax lien as to her interest in the Subject Property.  It is further alleged that the IRS refused to discharge or release the liens

---

[1]Ct. Rec. 14 at 2.

**ORDER** - 2

1   and "wrongfully seized plaintiff's community share of sale proceeds."

2   Complaint, ¶¶ 3.14-15.  According to the Complaint, the amount

3   wrongfully seized was Plaintiff's community interest in the Subject

4   Property, which she acquired on August 18, 2004, from her spouse Scott

5   Crytser, as agreed upon in a prenuptial agreement.  Although the

6   Complaint and Amended Complaint, the latter filed on October 2, 2006,

7   are captioned "Complaint for Refund of Taxes and Interest," the

8   allegations and relief sought are consistent with a wrongful levy

9   action under 26 U.S.C. §7426(a)(1) in addition to a refund action.

10  The Amended Complaint appears to retract references to "community

11  property" and replaces such terminology with Plaintiff's "one half

12  interest" in the residence.

13                           **DISCUSSION**

14      Defendant argues that Plaintiff fails to distinguish two separate

15  types of actions, refund action and wrongful levy action, in both the

16  original and Amended Complaint.  The Supreme Court in *Williams*

17  distinguished between pre-deprivation and post-deprivation, with §

18  1346(a)(1) identified as post-deprivation relief and § 7426(a)(1)

19  identified as affording pre-deprivation relief.  *Williams*, 514 U.S. at

20  538.  A claim for refund would logically be characterized as

21  post-deprivation as one may not seek a refund on that which he or she

22  has not yet paid to the government.  As such, the two procedures

23  could, under the appropriate facts, be considered mutually exclusive,

24  representing separate stages in a procedural continuum.  Additionally,

25  as the present action involves a civil action on a claim for refund in

26  addition to a wrongful levy claim, a plaintiff may not initiate such

**ORDER** - 3

1  an action unless such plaintiff has exhausted administrative remedies

2  in pursuing such refund. *Williams*, 514 U.S. at 527; 26 U.S.C. §

3  7422(a).

4       A.   <u>Wrongful Levy Claim and Subject Matter Jurisdiction</u>

5       Defendant argues that a jurisdictional prerequisite to a 26

6  U.S.C. §7426(a)(1) action is an actual levy by the IRS.  Defendant

7  further argues that Plaintiff cannot bring a wrongful levy action

8  under §7426(a)(1) because there is no waiver of the United States'

9  sovereign immunity where there has been no levy.

10      Plaintiff argues that neither she nor Mr. Crytser voluntarily

11  arranged for the payment to the IRS in exchange for the discharge of

12  the lien encumbering the real estate.  Ct. Rec. 14 at 5.  Where such

13  payment is not made voluntarily, Plaintiff concludes that a levy

14  occurred.  Id. at 6.

15      The regulations limit wrongful levy actions to situations where

16  the government had no business at all interfering with the third

17  party's property right. *Sessler v. U.S.*, 7 F.3d 1449, (9th Cir. 1993).

18  As the IRS has expounded in its regulations, a levy is wrongful if:

19  (1) it's placed on property exempt under § 6334; (2) it wasn't placed

20  on property in which the delinquent taxpayer had an interest; (3) it's

21  invalid under §§ 6323 or 6324(a)(2) or (b); or (4) the plaintiff's

22  interest in the property is senior to the federal lien and will be

23  destroyed by the levy. 26 CFR § 301.7426-1(b).  Id. (Footnote and

24  citations omitted).  Here, however unfair the situation may appear,

25

26

**ORDER** - 4

the IRS had the substantive right to place a levy[2] or lien on the property, and the Plaintiff doesn't contest the validity of the lien itself.

The Plaintiff has invoked the jurisdiction of the district court under 26 U.S.C. § 7426 which authorizes any person, other than the delinquent taxpayer, to bring a "wrongful levy" action. To state a claim under this section, the Plaintiff must show (1) an interest in or lien on the property, and (2) "that such property was wrongfully levied upon." 26 U.S.C. § 7426(a)(1).  Plaintiff's claim that the levy was wrongful because the payment of the tax lien was not made voluntarily does not fit properly into any of the "wrongful levy" definitions under 26 CFR § 301.7426-1(b).

Under the principles of sovereign immunity, the United States is immune from lawsuits except where it has acted to waive this immunity. *See United States v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1999).  Such a waiver by the United States must be unequivocal and "the terms of its consent to be sued in any court determine that court's jurisdiction to entertain the suit." Id. (*quoting United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976) (*quoting United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941)). Further, "[i]t is the burden of the party who institutes a claim against the United States . . . to

---

[2]The Court uses the term levy as defined in Black's Law Dictionary as: "To impose or assess (a fine or a tax) by legal authority." Black's Law Dictionary 927 (8th ed.2004)

**ORDER** - 5

1   allege an act of Congress that authorizes the Court to entertain that

2   specific claim." *Ridenbaugh v. Long*, 246 F.Supp.2d 849, 852 n. 1

3   (S.D.Ohio 2002) (*citing Malone c. Bowdoin*, 349 U.S. 643, 645, 648

4   (1962)).

5       As to Defendant's defense of sovereign immunity, §7426 is not a

6   broad grant of jurisdiction for suit brought by any third-party

7   interest-holder; it only waives immunity when there's been a "wrongful

8   levy." As to the wrongful levy claim, Plaintiff's theory does not

9   measure up to the requirements of a §7426(a)(1) wrongful levy suit.

10  As such, plaintiff's claim in a wrongful levy posture, doesn't provide

11  the necessary waiver of sovereign immunity. This claim must therefore

12  be dismissed.

13      B. <u>Refund Claim and Subject Matter Jurisdiction</u>

14      Concerning jurisdiction, the Court construes the Complaint and

15  Amended Complaint to contain a claim seeking refund under 28 U.S.C.§

16  1346(a). This statute, 28 U.S.C. § 1346, does not say that only the

17  person against whom the tax is assessed may sue, but instead, uses

18  broad language such as "any civil action against the United States;"

19  "any sum alleged to have been excessive;" and "in any manner

20  wrongfully collected." The Court finds the broad language of §1346,

21  provides the necessary waiver of sovereign immunity for the district

22  court to exercise jurisdiction over Plaintiff's refund action. Thus,

23  the Defendant's alternative motion to dismiss based on lack of subject

24  matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)

25  as to the refund claim must be denied.

26

**ORDER** - 6

Defendant next argues that Plaintiff, a third party challenging a federal tax lien, cannot bring a civil action for refund under 28 U.S.C. §1346(a)(1) without exhausting the requirements of 26 U.S.C. §6325 and §7426(a)(4). Defendant contends that the proper provision for seeking judicial review in this case is §7426(a)(4), which authorizes a third-party with interest in property subject to a federal tax lien to challenge the United States' interest in a post-deprivation proceeding.  However under §7426(a)(4), any civil action for a determination of the value of the United States' interest in property must be brought within 120 days after the issuance of a certificate of discharge.  Plaintiff argues that although she didn't exhaust the administrative requirements under §§ 6325 and 7426, this provision, §7426(a)(4), does not apply to her because the certificate of discharge was issued to Mr. Crytser rather than to her.  Ct. Rec. 14 at 6.

Defendant responds that if Plaintiff claimed to be an owner of the Subject Property, she should have sought a certificate of discharge in her own name after the disputed funds were deposited with the IRS.  Ct. Rec. 18 at 5.  Defendant concludes that Plaintiff failed to exhaust administrative remedies under §6325(b)(4) and bring a timely action under §7426(a)(4) before this refund suit could be brought under §1346(a)(1).  To support its conclusion, Defendant's discussion includes cases addressing the interplay of §§ 6325(b)(4) and 7426(a)(4) and the holding of *United States v. Williams,* 514 U.S.

527, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995).[3]  The Court agrees with Defendant that the case law does support Defendant's argument that a third-party must first exhaust the remedies provided by §§ 6325(b)(4) and 7426(a)(4) before bringing a refund suit under § 1346(a)(1). Plaintiff alleges, however, that she has exhausted her administrative remedies required under this statute.  Plaintiff, in her Complaint and Amended Complaint, states that on or about July 15, 2005, a "Claim for Wrongfully Levied Property" was sent by certified mail to the

_____

[3]Congress enacted §3106 of the Internal Revenue Service Restructuring & Reform Act of 1998 to address the problem that the Court faced in *Williams*.  This amendment added subsection (b)(4) to 26 U.S.C. § 6325 and subsection (a)(4) to 26 U.S.C. § 7426.  The new statutory scheme of 26 U.S.C. § 6325(b)(4) requires the IRS to issue a certificate of discharge as a matter of right to third parties under specified circumstances and 26 U.S.C. § 7426(a)(4) provides a judicial remedy. Pursuant to 26 U.S.C. § 6325(b)(4)(A), the third party has the right to obtain a certificate of discharge by applying to the Secretary of the Treasury for such a certificate and either depositing cash or furnishing a bond sufficient to protect the lien interest of the United States. The Secretary does not have the discretion to refuse to issue a certificate of discharge if this procedure is followed, thus curing the defect in this remedy discussed in *Williams*.  See *City of Richmond, Ky. v. U.S.*, 348 F.Supp.2d 807, 812-13 (E.D.Ky. 2004).

1  defendant agency as required by 26 U.S.C. 7426(h)(2).  See Amended
2  Complaint, ¶ 3.16.

3                          **ANALYSIS OF LAW**

4       A revenue ruling, Rev. Rul. 2005-50, clarifies that, in light of
5  amendments to §§ 6325 and 7426 of the Code made by the IRS
6  Restructuring and Reform Act of 1998, a person not liable for the
7  underlying tax may not file a refund action under the holding of
8  *United States v. Williams*, 514 U.S. 527 (1995).  See Rev. Rul.
9  2005-50, 2005-30 I.R.B. 124, 2005 WL 1710987 (IRS RRU).

10      In this case, Mr. Crytser, and not Plaintiff, was liable for the
11 underlying taxes, which were assessed prior to the date Plaintiff's
12 property ownership vested pursuant to the Prenuptial Agreement.
13 Section 6321 provides that if any person liable to pay any tax
14 neglects or refuses to pay after notice and demand for payment, the
15 amount due shall be a lien in favor of the United States on all
16 property and rights to property, whether real or personal, belonging
17 to that person. Section 6322 provides that once the federal tax lien
18 has arisen, it continues until the tax liability giving rise to the
19 lien is paid or becomes unenforceable by reason of lapse of time. See
20 I.R.C. § 6502 (collection after assessment). In order for the lien
21 imposed by § 6321 to be valid against certain persons, notice must be
22 filed by the Service in accordance with § 6323. This notice
23 requirement is pertinent as to any "purchaser" under §6323(a).

24      Section 6325(b) provides several procedures for discharging
25 property subject to a lien imposed by § 6321. Under § 6325(b)(2)(A),
26 the IRS may issue a certificate of discharge pursuant to which the

**ORDER** - 9

government is paid the value of its lien interest in the property to be discharged. Persons who request a certificate of discharge under section 6325(b)(2)(A) may not seek judicial review of the IRS's valuation determination through a refund action under 28 U.S.C. § 1346(a)(1). See *City of Richmond v. United States*, 348 F. Supp. 2d 807, 813-14 (E.D. Ky. 2004). See Rev. Rul. 2005-50, 2005-30 I.R.B. 124, 2005 WL 1710987 (IRS RRU).

A second discharge procedure is set forth in section 6325(b)(4), under which the owner of property subject to a federal tax lien (other than the person liable for the tax) has the right to obtain a discharge upon either depositing cash or furnishing a bond acceptable to the IRS in the amount the Service has determined to be the value of the lien interest of the United States. I.R.C. § 6325(b)(4)(A). The IRS must refund the amount deposited or release the bond, to the extent that it determines that the taxpayer's unsatisfied liability giving rise to the lien can be satisfied from a source other than property owned (or owned in part) by the third party, or to the extent that it determines that the value of the interest of the United States in the property is less than the IRS's prior determination of value. I.R.C. § 6325(b)(4)(B). Any amount not used to satisfy the liability shall be refunded to the owner of the property. I.R.C. §6325(b)(4)(C). Id.

The owner of the property has 120 days after the date the certificate of discharge under section 6325(b)(4) is issued to file a substitution of value action in district court challenging the IRS's determination of the value of the lien interest of the United States.

I.R.C. § 7426(a)(4). If the owner of the property does not challenge the IRS's determination within the 120-day period, the IRS shall, within 60 days after the expiration of the 120-day period, apply the amount deposited or collected on the bond to the extent necessary to satisfy the liability secured by the lien. If the owner successfully challenges the IRS's determination of the value of the lien interest of the United States, the court shall enter judgment ordering a refund of the amount deposited or a release of the bond to the extent that the amount of the deposit or bond exceeds the value of the lien interest determined by the court. I.R.C. § 7426(b)(5).

Sections 6325(b)(4) and 7426(a)(4) were enacted as part of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, 112 Stat. 685, in response to the inadequate remedy problem identified by the Supreme Court in *United States v. Williams*, 514 U.S. 527 (1995). See S. Rep. No. 105-174, at 54-55 (1998), reprinted in 1998-3 C.B. 537, 590-91. In *Williams*, the Court held that a third party who paid another person's tax liability under protest had standing to bring a refund action under 28 U.S.C. § 1346(a)(1). The Court noted that the third party "had no realistic alternative to payment of a tax she did not owe, and we do not believe that Congress intended to leave parties in respondent's position without a remedy." *Williams*, 514 U.S. at 529 (footnote omitted).

Sections 6325(b)(4) and 7426(a)(4) provide the remedy that was unavailable to the third party in *Williams*. Section 7426(a)(4) specifically states that "[n]o other action may be brought by such person for such a determination." Additionally, section 7426(a)(4)

imposes a strict 120-day time limit for filing a substitution of value action in district court challenging the IRS's determination of value. Permitting a third party to bring another action, such as a refund suit, would conflict with the 120-day limit Congress imposed on actions brought under section 7426(a)(4). Rev. Rul. 2005-50, 2005-30 I.R.B. 124, 2005 WL 1710987 (IRS RRU) (citing *City of Richmond*, 348 F. Supp. 2d at 813-14.)

The cause of action Congress provided in section 7426(a)(4) is limited to cases in which a third party has received a certificate of discharge from the IRS under section 6325(b)(4). *Wilson v. United States*, 2004 WL 790220, at *2, 93 AFTR 2d 2004-1390 (E.D. Tenn. Feb. 24, 2004) ("On its face, 26 U.S.C. § 7426(a)(4) limits itself to permitting claims pursuant to 6325(b)(4).")."). Courts lack subject matter jurisdiction over cases brought challenging the IRS's valuation determination if the certificate of discharge was sought under section 6325(b)(2), rather than section 6325(b)(4). See Rev. Rul. 2005-50, 2005-30 I.R.B. 124, 2005 WL 1710987 (IRS RRU) (citing *Wilson*, 2004 WL 790220, at *2.)

In the present case, Plaintiff is a third party who did not seek a certificate of discharge in her own name or use the available remedies before bringing the present refund suit. Plaintiff's "Claim for Wrongfully Levied Property" sent to the Defendant on July 15, 2005 was not the proper procedure pursuant to § 6325. There is also no evidence Plaintiff deposited cash or furnished a bond acceptable to the IRS pursuant to § 6325. Revenue Ruling 2005-50 supports the Defendant's argument that a third-party must first exhaust the

1  remedies provided by §§ 6325(b)(4) and 7426(a)(4) before bringing a

2  refund suit under § 1346(a)(1).

3      Although Plaintiff focuses on the date the Notice of Federal Lien

4  was recorded with the county recorder's office, the validity and

5  priority of the federal tax lien against Plaintiff's interest does not

6  depend on such filing of the notice of the lien. Furthermore,

7  Plaintiff cannot be considered a "purchaser" under §6323(a) based on

8  the Prenuptial Agreement as she did not pay "adequate and full

9  consideration in money or money's worth" for her interest in the

10 property, which vested on August 18, 2004.

11     Contrary to Plaintiff's argument, when the IRS made the

12 assessment against Mr. Crytser on June 23, 2003, the tax lien attached

13 to all of Mr. Crytser's property, including the subject real property.

14 See Amended Complaint, Exh. C; 26 U.S.C. §§§ 6321, 6322, 6323. *See*

15 *also United States v. McDermott*, 507 U.S. 447, 448 (1993); *TKB Int'l*

16 *Inc. v. United States*, 995 F.2d 1460, 1463 (9th Cir.1993) (citation

17 omitted); *Miller v. United States*, 763 F.Supp. 1534, 1539 n. 8

18 (N.D.Cal.1991) (Patel, J.) (noting that "[n]umerous cases stand

19 directly for the proposition that a federal tax lien arises when the

20 IRS makes an assessment coupled with a demand for payment." (citations

21 omitted)). Although the IRS did not record the tax lien until August

22 30, 2004, the lien was valid as against Mr. Crytser-the taxpayer-as of

23 June 23, 2003. *TKB Int'l Inc.*, 995 F.2d at 1463 (noting that the IRS

24 does not have to file notice of a federal tax lien in order for the

25 lien to be valid as against the taxpayer). However, as discussed more

26 fully below, if the IRS does not record a notice of a federal tax

**ORDER** - 13

1  lien, this may affect the priority of the tax lien vis-a-vis certain

2  third party interests in the property. *Id.*

3      Under the first in time principle, the tax lien-which attached on

4  June 23, 2003-had priority over any interest plaintiff may have had in

5  the subject property as of August 18, 2004. *See McDermott*, 507 U.S. at

6  449. Consequently, the interest-if any-that plaintiff took in the

7  property on the date of her marriage to Mr. Crytser was subject to the

8  federal tax lien.  However, it appears that at the time the Internal

9  Revenue Service lien arose, the Plaintiff had no property interest to

10 which it could attach.

11     Section 6323 of the IRC governs the priority of interest between

12 a federal tax lien arising under § 6321 and certain third-party claims

13 to the property to which the federal tax lien has attached. Section

14 6323(a) provides that "[t]he lien imposed by § 6321 shall not be valid

15 as against any purchaser, holder of a security interest, mechanic's

16 lienor, or judgment lien creditor until notice thereof which meets the

17 requirements of subsection(f) has been filed by the Secretary."

18 Because it is clear that plaintiff cannot qualify as a holder of a

19 security interest, mechanic's lienor, or judgment lien creditor, the

20 Court looks at whether Plaintiff might qualify as a purchaser under

21 § 6323(a). If Plaintiff is found to be a purchaser, the tax lien may

22 be displaced under certain circumstances. In addressing the question

23 of whether Plaintiff qualifies as a "purchaser" under § 6323(a),

24 "[f]ederal law alone is decisive." *Berg v. United States*, 121 F.3d

25 535, 537 (9th Cir.1997) (holding that a "good faith purchaser" under

26 state law is not necessarily a purchaser for "full and adequate

**ORDER** - 14

consideration" under section 6323(a) of the IRC (*citing In re Walter*, 45 F.3d 1023, 1030 (6th Cir.1995)).

In the present action, Plaintiff fails to meet any of the definitions of purchaser under § 6323(a). For purposes of this section, a "purchaser" is defined as "a person who, for adequate and full consideration in money or money's worth, acquires an interest (other than a lien or security interest) in property which is valid under local law against subsequent purchasers without actual notice." Plaintiff is not such a purchaser.  As such, Plaintiff's interest would not have priority over the tax lien.  Once a federal tax lien is created, it "continues to attach to a taxpayer's property regardless of any subsequent transfer of the property." *United States v. Donahue Indus., Inc.*, 905 F.2d 1325, 1330 (9th Cir.1990).

In the letter dated October 26, 2004 to Plaintiff's husband Mr. Crytser, the IRS clearly states in its "Conditional Commitment to Discharge Certain Property From Federal Tax Lien" that upon receipt of a certified check, it would issue a certificate discharging the property against the taxpayer named in the letter, Scott W. Crytser. See Amended Complaint, Exh. G.

Based on the foregoing, the court finds that the tax lien attached to the Subject Property on June 23, 2003 when the IRS made an assessment against Mr. Crytser.  Given that Plaintiff does not qualify as a "purchaser" under § 6323(a) of the IRC, the interest that she received in the subject property by virtue of the Prenuptial Agreement cannot trump the federal tax lien, which was recorded on August 30, 2004. When Mr. Crytser conveyed an interest in the subject property to

1  Plaintiff on August 18, 2004, she took the property subject to the tax
2  lien.  Accordingly, the court finds that as a matter of law, Plaintiff
3  is not entitled to a refund of the sum Mr. Crytser deposited with the
4  IRS on October 29, 2004 to discharge the federal tax lien.

5  **USA'S OBJECTIONS TO DECLARATIONS**

6  Defendant moves to strike portions of the declarations of
7  Plaintiff Nina Crytser and Declaration of Scott Crytser that are
8  allegedly not relevant to determining whether jurisdiction exists for
9  a wrongful levy action under 26 U.S.C. §7426(a)(1).  Specifically,
10 Defendant seeks to strike the statements in the declarations about the
11 purported intent of the parties in signing the Prenuptial Agreement.

12 Declarations and exhibits are relevant to the extent they have a
13 tendency to make the existence of any material fact more or less
14 probable. See Fed.R.Evid. 401. Further, the Court looks to the
15 unambiguous language in the Prenuptial Agreement which cannot be
16 modified by the subject declarations under *Berg v. Hudesman*, 115
17 Wash.2d 657, 801 P.2d 222 (1990).  The Court agrees that the disputed
18 statements are not relevant as to the jurisdictional matters, however,
19 the declarations will not be stricken.

20 **CONCLUSION**

21 The federal tax lien arose pursuant to § 6321 of the Internal
22 Revenue Code, 26 U.S.C. § 6321.  *See In re Kimura*, 969 F.2d 806, 809
23 (9th Cir.1991) (finding that when the IRS assesses civil penalties for
24 taxes owed pursuant to section 6672 of the IRC, a federal tax lien
25 attaches to the all of the taxpayer's property pursuant to § 6321 of
26 the IRC).  The parties do not genuinely dispute that Mr. Crytser, the

**ORDER** - 16

taxpayer, held full legal and equitable title to the subject real property on June 23, 2003, the date of the assessment. Consequently, Mr. Crytser held a property interest to which the tax lien could properly attach. *Aquilino v. United States*, 363 U.S. 509, 512 (1960). Contrary to Plaintiff's argument, it is irrelevant that she had an interest that vested in August 2004.   The tax lien attached when Mr. Crytser held full legal and equitable title to the subject property. In light of the foregoing, this Court concludes that Plaintiff failed to exhaust administrative remedies under §6325(b)(4) and bring a timely action under §7426(a)(4) before initiating this refund suit under §1346(a)(1).  The court therefore must dismiss Plaintiff's action for refund.  Additionally, Plaintiff's wrongful levy claim must also be dismissed based on lack of subject matter jurisdiction. Accordingly,

**IT IS ORDERED** that Defendant United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction and For Failure to State a Claim for Which Relief Can Be Granted, Ct. Rec. 5, is **GRANTED**. The wrongful levy claim is dismissed for lack of subject matter jurisdiction.  The refund action is dismissed under Rule 12(b)(6) for the foregoing reasons.

The District Court Executive is directed to file this Order; provide copies to plaintiffs and counsel of record; ENTER JUDGMENT CONSISTENT WITH THIS ORDER; and CLOSE FILE.

**DATED** this 2nd day of November, 2006.

*s/Lonny R. Suko*
_____
LONNY R. SUKO

**ORDER** - 17

1                                          UNITED STATES DISTRICT JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26